UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

Yoel Ramirez,
and other similarly
situated individuals,

      Plaintiff(s),

v.

Seredor Centers, Inc.,
Kelly Horton,
and Joseph A. Sollecito, individually

      Defendants,

_____/

## COLLECTIVE ACTION COMPLAINT
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff Yoel Ramirez and other similarly situated individuals, by and through the undersigned counsel, and hereby sue Defendants Seredor Centers, Inc., Kelly Horton, and Joseph A. Sollecito, individually, and alleges:

Jurisdiction Venues and Parties

1. This is an action to recover monetary damages for unpaid minimum wages under United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Yoel Ramirez is a resident of Palm Beach County, Florida, within this Honorable Court jurisdiction and is otherwise sui juris. Plaintiff is a covered employee for purposes of the Act.

Page **1** of **10**

3.  Defendant Seredor Centers, Inc. (from now on Seredor Centers, or Defendant) is a Florida Profit Corporation. Defendant has a place of business in Broward County within this Honorable Court Jurisdiction. Defendant was and is engaged in interstate commerce.

4.  The individual Defendants, Kelly Horton and Joseph A. Sollecito were and are now the owners/partners/officer and directed operations of Defendant Corporation Seredor Centers. These individual Defendants were the Employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)].

5.  All the actions raised in this Complaint took place in Broward County, Florida, within this Court's jurisdiction.

General Allegations

6.  This cause of action is brought by Plaintiff Yoel Ramirez as a collective action to recover from Defendants minimum wages and liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after September 2022, (the "material time") without being adequately compensated.

7.  Defendant Seredor Centers is a health provider that offers comprehensive diagnostic sleep testing and treatment for patients with sleep disorders. Defendant has several sleep laboratories across Dade and Broward County.

8.  Defendant Seredor Centers was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A). Defendant is a healthcare provider specializing in sleep disturbance testing and diagnostic services. Defendant has

more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce. Defendant uses the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources by using electronic devices to authorize credit card transactions. Upon information and belief, the combined annual gross revenue of the Employer/Defendant was at all times in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

9.  Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated, through their daily activities, participated in interstate commerce by providing services to clients using the benefits of a public agency. In addition, Plaintiff regularly handled and worked on goods and materials produced for commerce and moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

10. Defendants Seredor Centers, Kelly Horton, and Joseph A. Sollecito employed Plaintiff Yoel Ramirez as a non-exempted sleep technician from September 12, 2022, to December 28, 2022, or 19 weeks. However, for FLSA purposes Plaintiff's period of employment is 11 weeks.

11. At the time of his hiring, Plaintiff explained to his prospective Employer that he was in the process of obtaining his certification as a sleep technologist, but he had no previous experience in the field.

12. Defendants offered Plaintiff on-the-job training. The training was necessary and directly related to the position of a sleep technician. Plaintiff would start working as a trainee without compensation until he gets the necessary skills to work without further guidance.

Defendant promised Plaintiff a daily rate of $200.00, after the completion of his training time.

13. While employed by Defendants, Plaintiff worked a minimum of 3 days per week, from 8:00 PM to 6:30 AM (10.5 hours per night), or 31.5 hours weekly. Plaintiff did not take bonafide lunch periods.

14. Plaintiff worked during Seredor Centers' regular hours of operation.

15. Plaintiff worked under the supervision of a sleep technologist. Plaintiff's work involved productive work, the kind of work performed regularly by a sleep technologist.

16. After a few weeks, Plaintiff knew that he had the required skills to do the sleep tests, and requested to be paid for his work.

17. Plaintiff requested payment multiple times to Supervisor Herman Dorset, but Defendants extended Plaintiff's training period indefinitely and did not pay Plaintiff wages at any rate, not even at the minimum wage rate as required by law.

18. During that time, Plaintiff was sent to work at other sleep clinics, performing the same duties.

19. On or about November 30, 2022, Defendants finished the training period, and they were supposed to schedule Plaintiff for renumerated work. Plaintiff anxiously expected to be scheduled to work.

20. However, From November 30, 2022, to approximately December 23, 2022, Defendants did not call Plaintiff to work. After many complaints, Defendant scheduled Plaintiff to work only two days.

21. On or about December 28, 2022, Plaintiff quit his employment. He had been working without compensation for 11 weeks, he had to pay for his living expenses, and he could not continue waiting for Defendants anymore.

22. At the time of his resignation, Plaintiff requested his Employer a certificate about the time he worked, which Defendants qualified as a training period. Defendants answered that they were not in the business of training technicians.

23. During his employment with Defendants, Plaintiff did not clock in and out, but Defendants were in absolute control of his schedule and activities. Defendants knew the number of hours that Plaintiff and other similarly situated individuals were working.

24. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 USC §206, et seq.

25. At times mentioned, individual Defendants Kelly Horton and Joseph A. Sollecito were, and are now, the owners/partners/managers of Seredor Centers. Defendants Kelly Horton and Joseph A. Sollecito were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. These individual Defendants acted directly in Seredor Centers Shalom' interests concerning its employees, including Plaintiff and others similarly situated. Defendants Kelly Horton and Joseph A. Sollecito had financial and operational control of the business determining Plaintiff's terms and conditions of employment. Accordingly, they are jointly and severally liable for Plaintiff's damages.

26. Plaintiff Yoel Ramirez seeks to recover unpaid minimum wages for every hour worked during his entire employment with Defendants, liquidated damages, and any other relief as allowable by law.

Collective Action Allegations

27. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

28. Plaintiff contends that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for every regular hour worked.

29. This action is intended to include every sleep technician employee and any similarly situated individuals who worked for Defendants at any time during the past three (3) years.

<b>COUNT I:</b>
<b>FLSA WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS</b>

30. Plaintiff re-adopts every factual allegation as stated in paragraphs 1-29 of this Complaint as if set out in full herein.

31. This action is brought by Plaintiff to recover from the Employers unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 USC § 201 et seq., and specifically under the provisions of 29 USC §206. USC §206 states, "Every Employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or the production of goods for commerce, wages at the following rates:

 (1) except as otherwise provided in this section, not less than—

    (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

    (B) $6.55 an hour, beginning 12 months after that 60th day, and

    (C) $7.25 an hour, beginning 24 months after that 60th day.

Page <b>6</b> of <b>10</b>

32. Defendants Seredor Centers, Kelly Horton, and Joseph A. Sollecito employed Plaintiff Yoel Ramirez as a non-exempted sleep technician from September 12, 2022, to December 28, 2022, or 19 weeks. However, for FLSA purposes, Plaintiff's period of employment is 11 weeks.

33. Defendants offered Plaintiff on-the-job training. The training was necessary and directly related to the position of a sleep technician. Defendant promised Plaintiff a daily rate of $200.00 after the completion of his training time.

34. While employed by Defendants, Plaintiff worked a minimum of 3 days per week, from 8:00 PM to 6:30 AM (10.5 hours per night) or 31.5 hours weekly. Plaintiff did not take bonafide lunch periods.

35. Plaintiff worked during Seredor Centers' regular hours of operation.

36. Plaintiff worked under the supervision of a sleep technologist. Plaintiff's work involved productive work, the kind of work performed regularly by a sleep technologist.

37. After a few weeks, Plaintiff knew that he had the required skills to do the sleep tests and requested to be paid for his work.

38. Plaintiff requested payment multiple times to Supervisor Herman Dorset, but Defendants extended Plaintiff's training period indefinitely and did not pay Plaintiff wages at any rate, not even at the minimum wage rate as required by law.

39. During that time, Plaintiff was sent to work at other sleep clinics, performing the same duties.

40. On or about November 30, 2022, Defendants finished the training period, and they were supposed to schedule Plaintiff for renumerated work. Plaintiff anxiously expected to be scheduled to work.

41. However, Defendants did not call Plaintiff to work. After many complaints, Defendant called Plaintiff to work only two days.

42. On or about December 28, 2022, Plaintiff quit his employment. He had been working without compensation for 11 weeks, and he could not continue waiting for Defendants.

43. Plaintiff Yoel Ramirez worked a substantial number of hours that were not compensated at any rate, not even the minimum wage rate established by the FLSA.

44. Plaintiff did not clock in and out, but Defendants were in absolute control of his schedule and activities, and Defendants knew the number of hours that Plaintiff and other similarly situated individuals were working.

45. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 USC §206, et seq.

46. The records, if any, concerning the number of hours actually worked by Plaintiff and those similarly situated and the compensation actually paid to such employees should be in the possession and custody of Defendants.  However, upon information and belief, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees.

47. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

48. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 USC § 516.4.

49.  Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid wages is as follows:

*Please note that this amount is based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.

Florida's minimum wage is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

    a.   Total amount of alleged unpaid wages:

      Three Thousand Eight Hundred Eleven Dollars and 50/100 ($3,811.50)

    b.   Calculation of such wages:

      Total period of employment: 19 weeks
      Relevant weeks of employment: 11 weeks
      Total number of unpaid weeks:11 weeks
      Total number of unpaid hours: 31.5 hours weekly
      Fl Minimum wage 2022-2023: $11.00

      $11.00 x 31.5  hours=$346.50 weekly x 11 weeks= $3,811.50

    c.   Nature of wages:

      This amount represents regular unpaid wages at the Florida minimum wage rate.[1]

50. Defendants Seredor Centers, Kelly Horton, and Joseph A. Sollecito unlawfully failed to pay minimum wages to Plaintiff.

51. Defendants knew and showed reckless disregard for the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff these minimum wages.

52. Defendants Seredor Centers, Kelly Horton, and Joseph A. Sollecito willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States and remain owing Plaintiff these minimum wages as set forth above.

53. Plaintiff has retained the law offices of the undersigned attorney to represent him individually and on behalf of the asserted class and incurred attorney's fees and costs in

---

[1] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves the right to amend the calculations.

bringing this action. Pursuant to 29 USC § 216 (b), Plaintiff is entitled to recover reasonable attorney's fees and costs.

Prayer for Relief

Wherefore, Plaintiff Yoel Ramirez respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and against the Defendants Seredor Centers, Kelly Horton, and Joseph A. Sollecito based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

Demand for a Jury Trial

Plaintiff Yoel Ramirez and those similarly situated demand trial by a jury of all issues triable as a right by a jury.

Date:  January 31, 2023

Respectfully submitted,

By:  **/s/ Zandro E. Palma**
ZANDRO E. PALMA, PA.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*