UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 0:23-cv-60176-KMW

YOEL RAMIREZ,

    Plaintiff,

v.

SEREDOR CENTERS, INC.,
KELLY HORTON, individually,
and JOSEPH A. SOLLECITO, individually,

    Defendants.
_____/

**AMENDED JOINT MOTION FOR ENTRY OF ORDER APPROVING
SETTLEMENT AND DISMISSING CASE WITH PREJUDICE**

Plaintiff, YOEL RAMIREZ, (hereinafter, "Plaintiff"), and Defendants, SEREDOR CENTERS, INC., KELLY HORTON, and JOSEPH A. SOLLECITO (hereinafter, collectively as "Defendants"), by and through their respective undersigned counsel, hereby file this Amended Joint Motion for Entry of Order Approving Settlement and jointly request that this Honorable Court approve the settlement reached in this matter and dismiss this case with prejudice, and in support thereof, state:

**MEMORANDUM OF LAW**

**I.**     **Legal Principles**

This is an action brought by Plaintiff for alleged unpaid minimum wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Section 210 *et. seq*. No other individuals have opted into this action and it has not been certified as a collective action. Defendants have denied, and continue to deny, any and all liability with regards to Plaintiff's claims, including a bona fide dispute as to

whether Plaintiff was covered by the FLSA, and as to the entitlement and amount of any alleged unpaid wages or other damages in this action. Defendants also deny that there are any similarly situated individuals who could have properly joined this action. It is Defendants' ongoing position that Plaintiff is not covered by the FLSA and is not entitled to, or otherwise eligible for, any unpaid wages or other damages under the FLSA because he was not an "employee" under the FLSA. To the contrary, Defendants have asserted and continue to believe that Plaintiff's services were to his primary benefit as an intern/trainee and that he did not perform work compensable under the FLSA; and, even if he had, it was in the nature of an independent contractor and not as an employee.

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which contested claims under the FLSA can be settled and released by employees. First, section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. See 29 U.S.C. 216(c); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters an Order approving the settlement. *Id*. In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of

encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release Plaintiff's FLSA claims against Defendants. The proposed settlement arises out of an action brought by Plaintiff against Defendants, which was adversarial in nature, and adamantly disputed as to both liability and damages

The Parties agree that the instant action involves disputed issues. Although Defendants dispute their liability for the allegedly owed minimum wage compensation, they have ultimately agreed to pay Plaintiff in full settlement of the disputed claims, primarily to avoid protracted litigation and related expenses..

With regards to legal fees, a court reviewing an FLSA settlement must review "the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 2009 WL 73164, *2 (11th Cir. Jan. 13, 2009). In the wake of *Silva*, persuasive district court authority has deemed scrutiny of the reasonableness of plaintiff's agreed-upon attorney's fees to be unnecessary in an FLSA settlement where "the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff," except in circumstances where "the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney." *Bonetti v. Embarq Management Company,* 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009)[1]; see also *Wing v. Plann B Corp.*, 2012 WL 4746258, *4 (M.D. Fla. Sept. 17, 2012)

---

[1] In *Bonetti*, the court explained: "if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims, (2) makes a full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims, and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then,

(declining to examine reasonableness of attorney's fee payment in FLSA settlement where the FLSA claims were compromised, there was a reasonable basis for such compromise, and "Plaintiff's claims were resolved separately and apart from the issue of attorneys' fees," such that "there is no reason to believe that Plaintiff's recovery was adversely affected by the amount of fees and costs to be paid to Plaintiff's counsel").

As explained in *Bonetti,*, "the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." *Bonetti*, 715 F. Supp. 2d at 1228. In *Bonetti*, Judge Presnell concluded:

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

*Id.*

## II. Terms of Settlement

1. This case involves claims made by Plaintiff for alleged unpaid minimum wages under the FLSA.

2. After extensive negotiations held from the commencement of this action, the parties were

---

unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." *Bonetti,* 715 F. Supp. 2d at 1228.

69866264;1

        able to reach a settlement between them that resolved all of Plaintiff's claims, including those for attorney's fees and costs, which were negotiated separate and apart.

3. Plaintiff and Defendants herein state that the settlement reached between them with respect to Plaintiff's claimed FLSA damages represents a fair and reasonable resolution of disputed claims and that the terms of the settlement are acceptable to both Plaintiff and Defendants. Specifically, based upon their respective estimates of Plaintiff's underlying claims and his claims for attorney's fees and costs, the parties negotiated the settlement amount herein.[2]

4. In settlement, Plaintiff YOEL RAMIREZ will be paid a total of $3,000.00 as full relief and compensation of any alleged unpaid minimum wages, liquidated damages and any other claims he may have against Defendants under the FLSA and/or the Florida Minimum Wage Act, Fla. Stat. § 448.110, or otherwise. From the total amount of $3,000.00, $1,375.00 shall be allocated in satisfaction of Plaintiff's claim for "unpaid wages," and $1,375.00 shall be allocated in satisfaction of Plaintiff's claim for "liquidated damages." Finally, $250.00 shall be allocated as consideration for Plaintiff's general release of all claims Plaintiff may have against Defendants. The parties agree that upon careful review of Plaintiff's training records, including the dates and hours that Plaintiff attended training and all available evidence pertaining to Plaintiff's "practice" hours, this amount represents a fair and reasonable compromise of the disputed claims.[3]

5. Notwithstanding, the parties agree that there are genuine disputes as to whether or not Plaintiff was an independent contractor rather than an employee; whether or not Plaintiff's

---

[2] Despite the agreement to settle Plaintiff's claims, Defendants continue to deny that any minimum wages or other damages are owed.

[3] Although the parties have agreed to keep the specific terms and conditions of their settlement agreement confidential, they hereby agree to present the settlement terms to the Court to the fullest extent necessary to obtain approval and without waiving the confidential nature of their agreement, or the obligations to keep the Agreement terms confidential, and without constituting a breach by either party of the settlement agreement.

69866264;1

claims involved non-compensable training time; whether or not Plaintiff worked the alleged number of hours on a weekly basis; whether or not Plaintiff was in fact paid properly for all hours Plaintiff allegedly worked; and whether or not any alleged violations, if any, were willful.  More significantly, there are genuine disputes as to whether or not Plaintiff was in fact an independent contractor or intern/trainee and/or otherwise not covered under the FLSA.  Consequentially, Plaintiff could have even been barred from any recovery in this matter with regards to his claims for unpaid minimum wages under the FLSA had Plaintiff not been able to establish his claims.

6. Accordingly, the amount of this settlement to Plaintiff is fair and reasonable given that: based on training records, Plaintiff could have been deemed an independent contractor; based on time and pay records, Plaintiff's claims involved non-compensable training time; Plaintiff's claims are highly disputed; the issues of material fact which are in dispute; and the fact that Plaintiff could be barred from recovery in this matter should Plaintiff not be able to establish minimum wage pay violations under the FLSA.  Additionally, it is also reasonable given the high costs of defending and litigating this matter and the time and resources which would have been expended by both parties in taking this matter to trial. This settlement was arrived at after considerable negotiation by the parties and the Defendants do not admit any liability in this action.  To the contrary, Defendants adamantly dispute that any minimum wages or other damages under the FLSA are due to Plaintiff.

7. Separate and apart, Defendants will pay Plaintiff's counsel $5,000.00 in attorney's fees and $500.00 in costs, which have been incurred to date in this action, including preparation and/or review of all settlement documents.  Plaintiff's counsel, who has over 16 years of experience litigating employment related matters, charges an hourly rate of $400.00.  This

rate has been approved by this Honorable Court, as well as Courts in the Middle and Northern Districts of Florida. ("Plaintiff's counsel, Mr. Zandro E. Palma, Esq., charges an hourly rate of $400.00 for litigating employment cases in both federal and state court. [27-2] at 3. The Court does not find this hourly rate excessive. See, e.g., *Toledo v. Vioss Vision, Inc.*, No. 18-20309-CIV, 2019 WL 5689246, at *2-3 (S.D. Fla. Oct. 31, 2019) (finding counsel's hourly rate of $425.00 to be reasonable where the attorney had been a member of the Florida Bar for twenty years, was the founder of his law firm, and specialized in employment and labor matters)" See, *Restrepo v. Modern Roofing Experts, Inc., et al.*, Case No.: 2:21-cv-14080-KMM, [D.E. 28] (S.D. Fla. Apr. 2, 2021). "[Mr. Palma's] customary rate for new clients is $400.00 per hour. See [ECF No. 46-1 at ¶ 12]. Based on the Court's expertise and familiarity, regarding prevalent market rates for attorneys with like experience to Plaintiffs' counsel herein, the Court finds the hourly rate of $400.00 per hour reasonable under the circumstances." See, *Briseno, et al. v. Cuprys and Associates, et al.*, Case No.: 2:22-cv-20139-LMR, [D.E. 47] (S.D. Fla. Jul. 22nd, 2022).

8. Plaintiff's counsel has expended over 13 hours on this matter to date, which includes time spent conducting informal discovery, employment records review, settlement negotiations, attorney-client communications, preparation, drafting and/or review of all settlement documents, and other off-the-record activity. Notwithstanding, Plaintiff's counsel's attorney's fees and costs were negotiated separate and apart and the amount of fees and costs negotiated did not compromise in any way the amount allocated to Plaintiff. Consequentially, Plaintiff's recovery was not adversely affected by the amount of fees and costs to be paid to his attorney.

9. As set forth by the cited authority above, because attorney's fees and costs were determined

separately and apart from Plaintiff's recovery, this Honorable Court should find that the settlement and attorneys' fees were agreed upon without compromising the amount paid to Plaintiff and approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

10. Having agreed to the terms of the settlement reached, Plaintiff and Defendants respectfully request that this Honorable Court approve the settlement between the parties.

11. In accordance with this Court's Order entered April 11, 2023 [DE 16], a copy of the parties' settlement agreement (entitled "Full Waiver of All Claims, General Release, and Confidential Settlement Agreement") is attached at **Exhibit 1** for this Court's approval.

12. Accordingly, the parties respectfully request that this Court approve the settlement attributed to Plaintiff's FLSA claims, and dismiss this action in its entirety as to all Defendants, with prejudice, pursuant to the parties stipulation of dismissal of this action with prejudice, incorporated herein, pursuant to Fed.R.Civ.P. 41(a)(1)(A)(ii), and this Court's Order [DE 14] dated March 2, 2023. A proposed order is provided herewith.

WHEREFORE, the Parties respectfully request that this Honorable Court approve the parties' settlement and dismiss this action with prejudice in its entirety, as to all Defendants,

DATED this 11th day of April 2023.

Respectfully submitted,

| | |
|---|---|
| */s/Zandro E. Palma* | */s/Debra M. Leder* |
| Zandro E. Palma, Esq. | Debra M. Leder, Esq. |
| Florida Bar No.: 0024031 | Florida Bar No. 0992161 |
| **ZANDRO E. PALMA, P.A.** | **AKERMAN LLP** |
| 9100 S. Dadeland Blvd. | 201 E. Las Olas Blvd., |
| Suite 1500 | 18th Floor |
| Miami, Florida 33156 | Ft. Lauderdale, Florida 33301 |
| Telephone No.: (305) 446-1500 | Telephone: (954) 364-2700 |
| Facsimile No.: (305) 446-1502 | Facsimile: (954) 463-2223 |
| zep@ThePalmaLawGroup.com | debra.leder@akerman.com |
| *Attorney for Plaintiff* | *Attorney for Defendants* |

69866264;1